1          HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7                   WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
8
     WILLIAM SCHEIDLER,                    CASE NO. C12-5996 RBL
9
                        Plaintiff,         ORDER
10
              v.
11
     JAMES AVERY, et al.,
12
                        Defendants.
13

14          THIS MATTER is before the Court on Plaintiff Scheidler's "Objection to the Court's

15   Order" and "Motion to Disqualify WA state Bar Associates from hearing this Case" [Dkt. #56].

16          Scheidler's filing claims that by using the short hand version of the caption, the Court has

17   "dismissed" the remaining defendants.  This is not correct. The Ninth Circuit held:

18              The district court properly determined that Scheidler is not entitled to
             relief under the federal criminal statutes he cited.
19              The district court also properly determined that Scheidler's first amended
             complaint failed to state a federal constitutional claim, or a state criminal or
20           constitutional claim, upon which relief could be granted. *See  Ashcroft v. Iqbal,
             556 U.S. 662, 678* (2009 ("To survive a motion to dismiss, a complaint must
21           contain sufficient factual matter, accepted as true, to state a claim to relief that is
             plausible on its face." (internal citations and quotation marks omitted)).
22              However, the district court abused its discretion in dismissing the first
             amended complaint without leave to amend. *See U.S. v. Corinthian Colleges*, 655
23           F.3d 984, 995 (9th Cir. 2011 ("[D]ismissal without leave to amend is improper
             unless it is clear, upon de novo review, that the complaint could not be saved by
24

ORDER - 1

any amendment." (internal citation and quotation marks omitted)). *See Akhtar v. Mesa*, 698 F.3d 1002, 1212 (9th Cir. 2012 ("A district court should not dismiss a pro se complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). We therefore reverse and remand to ***allow Scheidler an opportunity to amend his complaint.***

Dkt. #51; *see* 2105 WL 1404983 at *1 (Emphasis added, some internal citations omitted).

Consistent with the Ninth Circuit's Memorandum Opinion, the Court has provided Plaintiff an opportunity to amend his complaint to state a *viable* claim—against *any* of the current defendants.  He must do so by **May 19, 2015** (21 days from the date of the Order) or the case will be DISMISSED.

The Ninth Circuit also held that Scheidler's Complaint "incorporated by reference" a "Petition for Review of the Board of Tax Appeal's September 6, 2102 decision" and that this Court had "not declined to exercise supplemental jurisdiction over that Petition."   This Court's Order [Dkt. #55] instructed Mr. Scheidler to expressly seek such a review in his amended complaint, if that is, in fact, what he seeks.  Scheidler's "Objection" to this aspect of the Order is not clear.

While Scheidler's lengthy complaint clearly mentioned the underlying tax dispute, the relief he sought (and the bulk of the allegations he has made in this Court and in the Ninth Circuit) focused on the culpability of the various individual defendants.  It did not address the Board of Tax Appeal's decision, or seek to have it overturned:

>>>

>>

>

## VIII  RELIEF

1) Invalidate  and enjoin the Assessor's practice of using his home-grown scheme in his implementation of RCW 84.36.381 and in the calculation of "disposable income".

2) Mandate the Assessor comply with the express and unambiguous language of RCW 84.36.379-389 and conform its qualifying procedures and calculations to the exact language and meaning of RCW 84.36.383(5).

3) Enjoin the Assessor alert all county homeowners they have been provided improper instructions and to invite all homeowners to, retroactively, reapply for the Art.7, Sec.10 exemption as justice demands.

4) Recalculate disposable income for each and every applicant retroactively as justice requires; and

5) Submit the assessor and his counsel and the judge to the proper authorities for their due process violations, unlawful conduct, violations of precedent and rules of professional conduct.

## IX   DAMAGES:

1. Statutory damages, $10,000 under RCW 4.24.510, against each of defendants Miles, Avery and Haberly.
2. Compensatory Damages against all defendants to be determined at trial
3. Nominal Damages against all defendants to be determined at trial
4. Costs and expenses under RCW 4.84 to be determined.
5. Any other award justice demands

[Dkt. #1-2].

Scheidler sought the opportunity to amend his complaint, and he has been invited to do so. If he seeks review of the Board of Tax Appeal's September 6, 2012 decision, his complaint should say so.

Scheidler also moves to "Disqualify WA State Bar Associates from hearing the case." This is a variation of Scheidler's motion(s) for recusal that have been previously denied.  [*See* Dkt. Nos. 11, 28, and 37].  The Ninth Circuit affirmed that denial: "The district court did not abuse its discretion in denying Scheidler's motion for recusal of the district court judge because

1   Scheidler failed to identify a ground for recusal." Dkt. #51, *see* 2105 WL 1404983 at *2.   The

2   renewed motion similarly fails to state a ground for disqualification.

3         The Motion is DENIED.

4         IT IS SO ORDERED.

5         Dated this 29th day of April, 2015.

7         _____
          RONALD B. LEIGHTON
8         UNITED STATES DISTRICT JUDGE

ORDER - 4